F. Richard Ruderman (SB No. 142226)
rick@rudermanknox.com
Colleen A. Snyder (SB No. 274064)
colleen@rudermanknox.com
RUDERMAN & KNOX, LLP
1300 National Drive, Ste. 120
Sacramento, CA 95834
Telephone: (916) 563-0100

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| S.M., by and through his Guardian ad Litem, J.R.,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOSE UNIFIED SCHOOL DISTRICT, NANCY ALBARRAN, VINCENT MATTHEWS, JACKIE ZELLER, DEEPA MUKHERJEE, BRAD CRAYROFT, and DOES 1 through 10, inclusive,<br><br>Defendants. | **COMPLAINT FOR RELIEF UNDER SECTION 504 OF THE REHABILITATION ACT OF 1973 AND FOR VIOLATION OF CIVIL RIGHTS** |

JURISDICTION

1. This is an action to redress the deprivation, under color of state law, of rights secured by section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq*. and the regulations promulgated thereunder. This action is also brought pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

VENUE

2. Venue is proper in this Court under 28 U.S.C. § 1391(b).

3. All of the events that are at issue in this dispute took place within the Northern District of California.

4. Plaintiff resides within the Northern District of California.

5. Defendant San Jose Unified School District is a public entity located within the Northern District of California.

PARTIES

6. Plaintiff S.M. is a minor student with a disability who is entitled to the legal rights and remedies set forth in section 504 of the Rehabilitation Act of 1973 ("section 504").

7. Proposed Guardian ad Litem J.R. is S.M.'s mother.[1]

8. Plaintiff resides in San Jose, California, within the boundaries of Defendant San Jose Unified School District.

9. Defendant San Jose Unified School District is a public education agency organized and existing under the laws of the State of California.

10. Defendant Vincent Matthews is the Superintendent for the San Jose Unified School District.

11. Defendant Nancy Albarran is the Assistant Superintendent for the San Jose Unified School District.

12. Defendant Jackie Zeller is the Director of Curriculum for the San Jose Unified School District.

13. Defendant Deepa Mukherjee is the Principal for Leland High School, in the San Jose Unified School District.

14. Defendant Brad Craycroft is the Assistant Principal for Leland High School, in the San Jose Unified School District.

---

1 A petition for appointment of J.R. as Guardian ad Litem is filed concurrently with this Complaint.

15. Plaintiff S.M. is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sues said defendants by such fictitious names. Plaintiff S.M. is informed and believes and therefore alleges on information and belief, that each of them is responsible in some manner for the injuries and damages alleged herein. Plaintiff S.M. therefore sues DOES 1 through 10, by such fictitious names and will seek leave to amend this complaint to add their true names when the same have been ascertained. DOES 1 through 10 are sued in their official capacities.

16. At all times mentioned herein, the Defendants named in paragraphs 10 through 14, and each of them, acted within the course and scope of their employment.

17. At all times mentioned herein, the Defendants, and each of them, acted under color of state law.

## BASIS OF THE DISPUTE

18. Plaintiff S.M. has a diagnosis of Klinefelter Syndrome, a chromosomal abnormality that has caused him, among other conditions, to have deficits in the areas of attention, working memory, and mental health.

19. In 2011, S.M. was found eligible for accommodations, supports, and services under section 504 due to the substantial impact his disability had on his ability to learn.

20. Defendants did not assess S.M. to determine his need for accommodations, supports, and services. Defendants had a legal obligation to do so.

21. Defendants had, and continue to have no policies governing the timeliness of assessments for students who need a section 504 plan.

22. Defendants had, and continue to have, no policies governing the timeliness of meetings to develop, review and/or modify a section 504 plan.

23. Despite his disability, S.M. is of above average intelligence and is a highly motivated student.

24. In the 2013-2014 school year, S.M. enrolled in an advanced placement Calculus class at Leland High School.

25. If Defendants had assessed S.M.'s disability, it would have been apparent that he did not have the necessary skills to succeed in an advanced placement Calculus class.

26. Defendants had, and continue to have, no clear policies regarding the rights of students to drop high school classes.

27. From the beginning of the 2013-2014 school year, it was apparent that S.M. did not belong in an advanced placement Calculus class.

28. Defendants had, and continue to have, conflicting policies regarding the rights of students to drop classes.

29. Defendants provided S.M. and his parents with conflicting information about his possible right to drop the Calculus class.

30. Defendants refused to allow S. M. to drop the Calculus class.

31. Defendants failed to convene a timely 504 meeting to discuss appropriate accommodations, supports, and services for S.M., including the accommodation of allowing S.M. to drop Calculus and take another class.

32. Defendants forced S.M. to take and complete the Calculus class. This resulted in significant emotional duress for S.M. and caused him to receive a failing grade.

33. On February 5, 2014, J.R. requested a 504 hearing regarding Defendants' failure to evaluate S.M. and provide reasonable accommodations.

34. Defendants failed to comply with the hearing deadlines set forth in their own 504 procedures.

35. Moreover, Defendants had no procedures in place to assign an impartial hearing officer to conduct the administrative hearing.

36. To date, Defendants have failed to convene an administrative hearing pursuant to J.R.'s February 5, 2014 request for a hearing.

37. Plaintiff now seeks equitable relief and damages, based on Defendants' deliberate indifference to his needs and rights during the 2013-2014 school year, in violation of section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794, *et seq*.).

38. To the extent possible, Plaintiff has exhausted his administrative remedy and any further attempt to exhaust would be futile.

FACTUAL ALLEGATIONS

39. S.M. was diagnosed with Klinefelter Syndrome in 2011.

40. Klinefelter Syndrome is a genetic chromosomal abnormality that is associated with, among other conditions, impaired motor function, language-based learning difficulties, attention deficits, and working memory deficits.

41. S.M. has significant problems with executive functioning and has been diagnosed with attention deficit hyperactive disorder ("ADHD"), inattentive type.

42. As part of his disability, S.M. has trouble keeping track of multi-stage instructions, avoids activities requiring sustained mental effort, and has trouble organizing tasks.

43. S.M. has been eligible as a student with a disability under section 504 since 2011.

44. Despite his learning challenges, S.M. is of above average intelligence. He aspires to attend a four-year university.

45. During the 2013-2014 school year, S.M. was a junior enrolled at Leland High School within the boundaries of Defendant San Jose Unified School District.

46. Leland High School maintains a policy of not allowing students to drop a class after the third day of the new school year.

47. In the 2013-2014 school year, Defendant San Jose Unified School District had posted on its website a policy of allowing high school students to drop a class within the first six weeks of the new school year.

48. At the start of the 2013-2014 school year, S.M. and his parents were not aware of the District policy allowing students to drop classes within the first six weeks of the school year.

49. S.M. enrolled in an advanced placement Calculus class for the 2013-2014 school year.

50. On August 2, 2014, prior to the start of the 2013-2014 school year, J.R. requested that Defendants convene a 504 meeting to discuss what accommodations and modifications were necessary to ensure S.M. received a free appropriate public education during the upcoming year.

51. Defendants did not convene a 504 meeting pursuant to J.R.'s request until September 27, 2013, during the seventh week of the school year.

52. Prior to the 504 meeting on September 27, 2013, when S.M.'s parents asked about his ability to drop Calculus, they were told by Leland High School staff that S.M. could not drop the class after the third day of school. Leland High School staff did not disclose to J.R. or S.M. that Defendant San Jose Unified School District had a written policy allowing students to drop a class within the first six weeks of the start of a school year.

53. Defendants' written 504 procedures did not include a time period in which a 504 meeting would be convened after a parent submitted such a request.

54. The 2013-2014 school year began on August 15, 2013.

55. The 504 plan in place at the time did not include adequate accommodations and modifications designed to meet S.M.'s unique needs.

56. From the beginning of the 2013-2014 school year, S.M. struggled in AP Calculus.

57. During the first week of September 2013, J.R. contacted the Calculus teacher expressing her concerns regarding S.M.'s performance. She explained that S.M. was spending hours at home each night with his parents trying to learn the material. He had increased anxiety, was losing weight from his already slender frame, and quit athletic activities he previously enjoyed.

58. J.R. requested that S.M. be allowed to drop A.P. Calculus. An administrator at Leland High School responded that students were only permitted to drop classes within the first three days of the semester. As the three-day window had passed, Defendants refused to allow S.M. to drop the Calculus class.

59. At the 504 meeting on September 27, 2013, J.R. again requested that S.M. be allowed to drop A.P. Calculus class as an accommodation for his disability. Defendants reiterated the three-day drop policy and refused to make an accommodation for S.M.

60. Leland High School staff failed to disclose to S.M.'s parents that the District had a written policy of allowing high school students to drop classes within the first six weeks of the school year.

61. After the September 27, 2013 meeting, J.R. discovered that Defendant San Jose Unified School District's written district-wide policy regarding dropping classes states that students may drop a course within the first six weeks of a semester, not the first three days as stated by the officials at Leland High School.

62. The September 27, 2013 meeting was not convened, however, until after the first six weeks of the 2013-2014 school year had passed.

63. Defendants have no policy in place regarding when a student may drop a class for reasons related to a disability.

64. On February 5, 2014, J.R. requested a 504 hearing regarding Defendants' failure to provide S.M. with appropriate accommodations and supports.

65. On February 10, 2014, Defendants allowed S.M. to drop Calculus but assigned him a failing grade for both semesters of the 2013-2014 school year.

66. Defendant San Jose Unified School District's written 504 procedures required Defendants to name a hearing officer within fifteen days of the parent's request for a hearing.

67. Defendant San Jose Unified School District's written 504 procedures required Defendants to convene a hearing within forty-five days of parent's request for a hearing.

68. Defendant San Jose Unified School District did not maintain a list of potential hearing officers and Defendants did not identify a hearing officer until May 16, 2014, ninety-five days after J.R.'s request for a hearing.

69. Defendants scheduled the hearing to take place on May 30, 2014.

70. On May 16, 2014, Defendants identified Elaine Talley as the hearing officer it had chosen.

71. Ms. Talley had had prior conversations with counsel for S.M. regarding the case and disclosed that she had given Defendants legal advice regarding the case.

72. Given the ex parte communications each party had with Ms. Talley, S.M. challenged her assignment as hearing officer.

73. On May 29, 2014, Ms. Talley disqualified herself as the hearing officer.

74. Defendants then canceled the May 30, 2014 hearing and, to date, have not proposed a new hearing date. Defendant San Jose Unified School District's counsel has informed counsel for S.M. that no hearing will be conducted until after the 2014-2015 school year begins. Plaintiffs later learned that Ms. Talley contracted with Defendant San Jose Unified School District for other work in the District. Prior to the hearing, neither Defendants nor Ms. Talley disclosed Ms. Talley's working relationship with the District.

## FIRST CLAIM FOR RELIEF

*Failure to Maintain Procedural Safeguards*

*(Against San Jose Unified School District)*

75. Plaintiffs incorporate by reference paragraphs 1 through 74 above.

76. Defendant San Jose Unified School District is a direct recipient of federal financial assistance sufficient to invoke the coverage of section 504.

77. S.M. is a qualified individual with a disability in accordance with section 504.

78. Defendant San Jose Unified School District maintained a "Section 504 Administrative Manual" (hereafter "504 Manual"), which described its procedural safeguards.

79. The 504 Manual did not describe the timeline within which Defendant San Jose Unified School District would convene a 504 meeting for an eligible student subsequent to a parent's request.

80. Although J.R. requested a 504 meeting on August 2, 2013, prior to the start of the 2013-2014 school year, Defendants did not convene such a meeting until September 27, 2013, more than six weeks after the start of the school year.

81. Defendants failure to convene a 504 meeting in a timely manner and their failure to adequately disclose Defendant San Jose Unified School District's written policy allowing

students to drop a class within the first six weeks of the school year without penalty prevented S.M. from dropping his Calculus class and caused S.M. to receive a failing grade in Calculus.

82. Defendant San Jose Unified School District also failed to maintain a list of possible hearing officers available to conduct 504 hearings. The 504 Manual did not contain any process for appointing a hearing officer to conduct a 504 hearing.

83. Defendant San Jose Unified School District failed to maintain any clear written policy for the conduct of a 504 hearing. As examples, there is no written policy for the time period to disclose witnesses and evidence; there is no written policy to subpoena witnesses and documents and compel witness testimony.

84. Moreover, Defendants failed to comply with the District's own procedural safeguards with respect to the timeline for scheduling the hearing and issuance of a final decision.

85. McGeorge School of Law operates a program wherein it contracts with public agencies to provide impartial hearing officers to conduct administrative hearings.

86. By email dated June 5, 2014, Plaintiffs' legal counsel communicated to legal counsel for Defendant San Jose Unified School District that McGeorge School of Law could conduct the administrative 504 hearing and had hearing officers available.

87. Despite being on notice of the fact that impartial administrative hearing officers were readily available to conduct the hearing, Defendant San Jose Unified School District continued to refuse to convene a hearing.

88. Defendants acted with deliberate indifference to S.M.'s right to a timely impartial hearing under section 504.

89. Defendants' failure to maintain specific procedural safeguards and comply with its own procedural safeguards violated Title 34 C.F.R. Section 104.36 and denied S.M. due process.

SECOND CLAIM FOR RELIEF

*Failure to Evaluate*

*(Against Defendant San Jose Unified School District)*

90. Plaintiff incorporates by reference paragraphs 1 through 89 of this Complaint.

91. Defendants knew that S.M.'s disability substantially impaired his ability to learn.

92. Despite this knowledge, Defendants failed to evaluate S.M. to determine his specific need for special education or related services, in violation of Title 34 Code of Federal Regulations Section 104.35.

93. Defendant San Jose Unified School District has failed to establish any standards and procedures for evaluating students believed to require special education or related services.

94. Defendant San Jose Unified School District is a direct recipient of federal financial assistance sufficient to invoke the coverage of section 504.

95. S.M. is a qualified individual with a disability in accordance with section 504.

96. As a direct and proximate result of the Defendants' failure to evaluate S.M., S.M. did not receive appropriate accommodations, supports, and services to meet his educational needs as adequately as the needs of his non-disabled peers were met.

THIRD CLAIM FOR RELIEF

*Failure to Enact Policies*

(*Against the Named Individual Defendants and DOES 1 through 10*
*in their official capacities*)

97. Plaintiff realleges and incorporates by reference paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. The named individual Defendants and DOES 1 through 10, under color of state law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, proximately caused Plaintiff to be deprived of his constitutional rights including but not limited to those provided by the Fourteenth Amendment to the United States Constitution, by:

a. Failing to issue a written policy allowing a student to drop an advanced placement class without incurring a failing grade; or by issuing vague, confusing, and contradictory policies; inconsistent with the due process requirements of the Fourteenth Amendment to the United States Constitution.

b. Failing to have a procedure to ensure a timely impartial hearing to address the imposition of a failing grade on a student who has dropped a class.

99. As a proximate result of the conduct of these Defendants, Plaintiff S.M. has suffered and will continue to suffer from physical injury, psychological harm, mental distress, humiliation, embarrassment and fear and has suffered personal injury and emotional distress because of the deprivation of his constitutional rights.

FOURTH CLAIM FOR RELIEF

*Arbitrary Enforcement of Inconsistent Policies*

*Violation of Due Process*

(*Against the Named Individual Defendants and DOES 1 through 10 in their official capacities*)

100. Plaintiff realleges and incorporates by reference paragraphs 1 through 99 of this complaint as though fully set forth herein.

101. The named individual Defendants and DOES 1 through 10, under color of state law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, proximately caused Plaintiff to be deprived of his constitutional rights including but not limited to those provided by the Fourteenth Amendment to the United States Constitution, by:

a. Refusing to allow Plaintiff S.M. to drop Calculus and imposing a failing grade on Plaintiff S.M. that was detrimental to Plaintiff's health and welfare by relying on vague, confusing, and contradictory policies;

b. Failing to provide a timely impartial hearing to address Defendants' refusal to allow Plaintiff to drop Calculus and Defendants' imposition of a failing grade on Plaintiff.

102. As a proximate result of the conduct of these Defendants, Plaintiff S.M. has suffered and will continue to suffer from physical injury, psychological harm, mental distress, humiliation, embarrassment and fear and has suffered personal injury and emotional distress because of the deprivation of his constitutional rights.

PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

1. That the Court order Defendant San Jose Unified School District to conduct an administrative hearing using an impartial hearing officer employed by the McGeorge School of Law in Sacramento, California;
2. That the Court order Defendants to remove the failing Calculus grades from Plaintiff's transcript;
3. That the Court order Defendants to establish written procedural safeguards containing the following:
   a. A timeline and procedure for proposing and conducting an evaluation after identification of a student believed to require accommodations and/or supports pursuant to section 504;
   b. A timeline within which a 504 meeting will be convened subsequent to parent's request;
   c. A list of potential impartial hearing officers;
   d. Procedures that allow parties to a 504 hearing the right to confront, cross-examine, and compel the attendance of witnesses;
   e. Procedures that allow parties to a 504 hearing the right to a written verbatim record of the hearing; and
   f. A policy regarding how and when a student with a disability may drop a class as an accommodation for his or her disability.
4. That the Court award Plaintiff damages based on Defendants' violations of section 504;

5. That the Court award Plaintiff his reasonable attorney fees and costs incurred in this action; and

6. That the Court award such other and further relief as the Court deems just and proper.

Dated: August 8, 2014

Respectfully submitted,

__/S/ F. RICHARD RUDERMAN____
F. Richard Ruderman
Attorney for Plaintiff