UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| S.M., by and through his Guardian ad Litem, J.R.,<br><br>                Plaintiff,<br><br>    v.<br><br>SAN JOSE UNIFIED SCHOOL DISTRICT, et al.,<br><br>                Defendants. | Case No. 14-CV-03613-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff S.M. ("Plaintiff"), by and through his mother and guardian ad litem, J.R., has brought suit against Defendants San Jose Unified School District (the "School District"), superintendent Vincent Matthews ("Matthews"), assistant superintendent Nancy Albarran ("Albarran"), director of curriculum Jackie Zeller ("Zeller"), principal Deepa Mukherjee ("Mukherjee"), and assistant principal Brad Craycroft ("Craycroft") (collectively, "Defendants"). Before the Court is Defendants' Motion to Dismiss. ECF No. 27.

The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the motion hearing set for April 16, 2015, at 1:30 p.m. The initial case management conference scheduled for April 29, 2015, at 2:00 p.m. remains as set. Having considered the parties' submissions, the relevant law, and the record in this case, the Court

1

hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss with leave to amend.

## I. BACKGROUND

### A. Factual Allegations

In 2011, Plaintiff was diagnosed with Klinefelter Syndrome, a chromosomal condition that affects male physical and cognitive development. First Amended Complaint ("FAC"), ECF No. 26 ¶¶ 40-41. Plaintiff also suffers from attention deficit hyperactive disorder. *Id.* ¶ 42. Since 2011, Plaintiff has been eligible for accommodations under section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.

In August 2013, the beginning of Plaintiff's junior year of high school, Plaintiff enrolled in an advanced placement calculus course ("AP Calculus"). FAC ¶¶ 46, 50. On August 2, 2013, thirteen days before the start of school, Plaintiff's mother requested that Defendants convene a Section 504 meeting to discuss what accommodations would be necessary for Plaintiff during the upcoming year. *Id.* ¶¶ 51, 55. No meeting was held until September 27, 2013—the seventh week of the school year. *Id.* ¶ 52. In the meantime, Plaintiff struggled with AP Calculus, causing him anxiety and weight loss. *Id.* ¶ 58. Plaintiff's mother asked that he be allowed to drop the class, and, according to Plaintiff, his teacher encouraged him to do so. *Id.* ¶ 59. The problem, Plaintiff says, is that his parents were told by high school staff that Plaintiff could not drop a course after the third day of school, even though, unbeknownst to Plaintiff's parents at the time, the School District had a written policy allowing students six weeks to drop classes. *Id.* ¶ 53.

At the September 27, 2013 meeting, Plaintiff's mother was told once again that Plaintiff could not drop AP Calculus because the three-day window had passed. FAC ¶ 60. On October 29, 2013, Plaintiff's mother wrote an e-mail to Craycroft, the school's assistant principal, asking him to allow her son to enroll in a lower-level math class. *Id.* ¶ 62. She was told no exceptions would be made. *Id.* ¶ 63. Mukherjee, the school's principal, confirmed the three-day policy in an October 31, 2013 e-mail. *Id.* ¶ 64. Plaintiff's mother appealed to Zeller, the School District's director of curriculum, who wrote in a November 1, 2013 e-mail that Plaintiff would receive a failing grade if he dropped AP Calculus because more than six weeks of the semester had passed.

2
Case No. 14-CV-03613-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND

*Id.* ¶ 65. Matthews and Albarran, respectively the School District's superintendent and assistant superintendent, affirmed Zeller's position. *Id.* ¶ 66.

On February 5, 2014, Plaintiff's mother requested another Section 504 hearing, this time to discuss Defendants' alleged failure to provide her son with appropriate accommodations. *Id.* ¶ 71. Five days later, Plaintiff was permitted to drop AP Calculus, but he was assigned a failing grade for both semesters. *Id.* ¶ 72. On May 29, 2014, the day before the scheduled Section 504 hearing, the hearing officer disqualified herself, prompting Defendants to cancel the hearing. *Id.* ¶¶ 80-81. The Section 504 hearing was ultimately convened on October 13, 2014, with Sue Hollingshead (the "Officer") presiding. *Id.* ¶¶ 83-84. At the hearing, Plaintiff requested that the Officer order the School District to fund an independent Section 504 evaluation of Plaintiff's accommodations and to remove the failing AP Calculus grade from Plaintiff's transcript. *Id.* ¶ 86. On November 21, 2014, the Officer issued a decision denying Plaintiff's requests for relief. *Id.* ¶ 87; *see* ECF No. 24 at 2.

**B. Procedural History**

On August 8, 2014, Plaintiff filed his original complaint in the instant lawsuit. ECF No. 1. On September 25, 2014, Defendants moved to dismiss this action, ECF No. 10, which was reassigned to the undersigned on October 2, 2014, ECF No. 15. Following the Officer's November 21, 2014 decision, the parties stipulated on December 18, 2014, to allow Plaintiff to file the FAC. ECF No. 24. The next day, the Court granted the parties' stipulation and, accordingly, denied as moot Defendants' then-pending Motion to Dismiss. ECF No. 25.

Plaintiff filed his FAC on December 30, 2014. ECF No. 26. In his FAC, Plaintiff asserted three causes of action: one for violating Section 504 and two under 42 U.S.C. § 1983 ("Section 1983") for violations of Plaintiff's Fourteenth Amendment right to due process. FAC ¶¶ 88-116. The Section 504 claim is asserted against the School District, while the Section 1983 claims are asserted against the named individual defendants. *See id.* On January 13, 2015, Defendants again moved to dismiss this action. ECF No. 27 ("Mot."). Plaintiff opposed the motion on January 27, 2015. ECF No. 30 ("Opp."). Defendants replied on February 3, 2015. ECF No. 31 ("Reply").

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Once a defendant has moved to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The plaintiff carries that burden by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in

4

Case No. 14-CV-03613-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND

the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Defendants offer several bases for dismissing this action. As to Plaintiff's Section 504 claim, Defendants argue that it should be dismissed on res judicata grounds and for failure to state a claim. Mot. at 5-13. Defendants argue next that Plaintiff's Section 1983 claims should also be dismissed for failure to state a claim. *Id.* at 13-19. Although the Court declines to dismiss Plaintiff's Section 504 claims on res judicata grounds, the Court concludes that all of Plaintiff's causes of action should be dismissed with leave to amend for failure to state a claim.

### A. Section 504 Claim

#### 1. Res Judicata

"Unreviewed state administrative determinations have preclusive effect in federal court

according to law of the forum state so long as the agency has complied with the fairness requirements of federal common law." *Royal Crown Ins. Corp. v. N. Mariana Islands*, 447 F. App'x 760, 763 (9th Cir. 2011) (citing *Misischia v. Pirie*, 60 F.3d 626, 629 (9th Cir. 1995)). According to the Ninth Circuit, "federal common law rules of preclusion . . . extend to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of fairness outlined in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)." *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994) (brackets, citation, and internal quotation marks omitted). Those requirements are: "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." *Id.* at 1033 (citing *Utah Constr.*, 384 U.S. at 422).

In their Motion to Dismiss, Defendants have made no showing that the unreviewed "administrative hearing before an independent hearing officer" satisfies any of the *Utah Construction* criteria. Mot. at 5-6. Absent any such showing, there is no basis on which the Court may find res judicata. As a result, the Court DENIES without prejudice Defendants' Motion to Dismiss Plaintiff's cause of action under Section 504 on res judicata grounds.

**2. Failure to State a Claim**

Section 504 provides, in relevant part: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To establish a violation of Section 504, a plaintiff must show that (1) he is disabled within the meaning of the Rehabilitation Act; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his disability; and (4) the program providing the benefit or services receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Defendants argue that Plaintiff's Section 504 claim must be dismissed because Plaintiff "allege[s] he was not then allowed to drop the AP Calculus class because of District policies

against such drops." Mot. at 7 (citing FAC ¶¶ 60, 63-68, 103). "That is," Defendants continue, "plaintiff clearly alleges that he was not allowed to drop from the AP Calculus class due to the application of general District policies, NOT because of his disability." *Id.* (emphasis omitted). Because Plaintiff does not allege he was denied a benefit solely by reason of his disability, Defendants say that "plaintiff's claim does not meet the basic, required elements of a proper Section 504 claim." *Id.*; *see also* Reply at 3-5.

The Court agrees. Although Plaintiff claims he was denied "the ability to obtain educational benefit," FAC ¶ 109, Plaintiff never alleges that this denial was "solely by reason of . . . his disability," 29 U.S.C. § 794(a), as required to state a claim under Section 504. *See Lovell*, 303 F.3d at 1052. There is no allegation that Plaintiff was placed in AP Calculus because of his disability; that the School District refused to allow him to drop the course because of his disability; or that the School District failed to hold a timely Section 504 meeting because of his disability. *See* FAC ¶ 50 (alleging that Plaintiff voluntarily "enrolled" in AP Calculus); *id.* ¶¶ 63-68 (alleging that Plaintiff was not allowed to drop AP Calculus pursuant to "the school's three day drop policy" and the "district-wide policy regarding dropping classes" after six weeks). Nor does Plaintiff allege that the School District's policies, which appear to be facially neutral, were unduly burdensome on Plaintiff because of his disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) ("We have repeatedly recognized that facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced."); *id.* at 1269 n.7 (explaining that "Title II of the ADA must be interpreted in a manner consistent with Section 504"). Without any such allegations, Plaintiff's Section 504 claim cannot proceed.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's cause of action under Section 504 for failure to state a claim. As Plaintiff could allege additional facts plausibly establishing that he was denied a benefit or service solely by reason of his disability, the Court dismisses his Section 504 claim with leave to amend. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could

not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).[1]

**B. Section 1983 Claims**

Under Section 1983, a plaintiff must: (1) allege violation of a right secured by the Constitution and laws of the United States; and (2) show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff's first Section 1983 claim (i.e., the second cause of action) is titled "Failure to Enact Policies," and alleges that the named individual defendants violated Plaintiff's Fourteenth Amendment right to due process by "[f]ailing to issue a written policy allowing a student to drop an advanced placement class without incurring a failing grade; or by issuing vague, confusing, and contradictory policies." FAC ¶ 112. Plaintiff's second Section 1983 claim (i.e., the third cause of action) is titled "Arbitrary Enforcement of Inconsistent Policies," and alleges that the named individual defendants violated Plaintiff's Fourteenth Amendment right to due process by "[i]mposing a failing grade on Plaintiff S.M. for dropping an advanced placement class" and by "[f]ailing to provide a timely and impartial hearing to address the imposition of a failing grade on Plaintiff." *Id.* ¶ 115.

Defendants argue first that the Eleventh Amendment bars Plaintiff's Section 1983 claims because the named individual defendants (i.e., Matthews, Albarran, Zeller, Mukherjee, and Craycroft), public school employees who are being sued in their official capacities, are not "persons" within the meaning of Section 1983. Mot. at 14-16. It is well settled that state officials sued in their official capacities, including public school officials, are not "persons" for purposes of Section 1983 and are therefore generally entitled to Eleventh Amendment immunity. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). There is, however, "one vital exception to this general rule: When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for

---

[1] Because the Court dismisses Plaintiff's Section 504 claim for failure to allege denial of a benefit or service solely by reason of his disability, the Court need not address Defendants' other bases for dismissal under Rule 12(b)(6).

8
Case No. 14-CV-03613-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND

§ 1983 purposes." *Id.* (citing *Will*, 491 U.S. at 71 n.10). That exception is not satisfied here, Defendants claim, because Plaintiff's "complaint seeks far more than injunctive relief," and because the injunctive relief sought against the individual defendants "is designed to remedy a past injury" and therefore is not "prospective." Mot. at 15-16. Further, Defendants assert that any prospective injunctive relief Plaintiff may be seeking is necessarily directed at the School District, which is not being sued under Section 1983. *Id.* For those reasons, Defendants argue, Plaintiff's Section 1983 claims against the individual defendants should be dismissed. *Id.* at 16.

Plaintiff offers virtually no counterargument. The single paragraph Plaintiff spends addressing this issue says only: "Plaintiff has asked this Court for injunctive relief against the individual defendants and, thus, the second and third causes of action should not be treated as actions against the State." Opp. at 12. Plaintiff does not attempt to explain how asking the Court to "order Defendants to remove the failing Calculus grades from Plaintiff's transcript" amounts to *prospective* injunctive relief. FAC Prayer for Relief ("Prayer") ¶ 2. Indeed, the thrust of Plaintiff's third cause of action is backward looking: that the named individual defendants violated his Fourteenth Amendment rights by "[i]mposing a failing grade on Plaintiff S.M. for dropping an advanced placement class that *was* detrimental to Plaintiff's health and welfare." FAC ¶ 115 (emphasis added); *see also Han v. U.S. Dep't of Justice*, 45 F.3d 333, 338 (9th Cir. 1995) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred . . . even though styled as [injunctive relief]." (ellipsis in original) (internal quotation marks omitted)). As a result, the Court finds that Plaintiff's third cause of action is prohibited by the Eleventh Amendment.

With respect to the second cause of action, the Court finds Plaintiff's allegations sufficient to survive the Eleventh Amendment bar. In his Prayer for Relief, Plaintiff asks the Court to order Defendants to establish certain "written procedural safeguards" going forward. Prayer ¶ 4. These include a timeline and procedure for proposing and conducting an evaluation for a student believed to require Section 504 accommodations; a timeline within which a Section 504 meeting will be convened subsequent to parent's request; a list of potential impartial hearing officers;

procedures allowing parties to a Section 504 hearing the right to confront, cross-examine, and compel the attendance of witnesses; procedures allowing parties to a Section 504 hearing the right to a written verbatim record of the hearing; procedures for ensuring an impartial hearing officer; and a policy regarding how and when a student with a disability may drop a class as an accommodation for his or her disability. *Id.* Assuming such safeguards, as Plaintiff alleges, do not currently exist, establishing them for the first time would constitute prospective injunctive relief. Although Plaintiff makes no effort to respond to Defendants' argument that only the School District, rather than the individual defendants, could satisfy this request for prospective injunctive relief, *see* Mot. at 15-16, the Court finds it plausible that the individual defendants would be involved in developing and implementing the procedural safeguards Plaintiff requests. There is no reason to believe that the School District's superintendent, assistant superintendent, and director of curriculum would not be key players in developing the protocols Plaintiff seeks. Nor is there reason to believe the high school's principal and assistant principal would play anything but an important role in implementing and overseeing those protocols. In fact, Plaintiff alleges that all of these individuals communicated with his mother at some point regarding the School District's existing policies. FAC ¶¶ 62-66. The Court therefore concludes that Plaintiff has plausibly alleged prospective injunctive relief in his second cause of action, and thus the second cause of action is not barred by the Eleventh Amendment.

Nevertheless, even if Plaintiff's second cause of action is not barred by the Eleventh Amendment, the Court agrees with Defendants' second argument that Plaintiff has not alleged a deprivation of a constitutionally protected right in either Plaintiff's second or third causes of action. For Plaintiff to be entitled to the procedural protections of the Fourteenth Amendment, he must demonstrate either a property or liberty interest of which he has been deprived. *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978). Plaintiff has shown neither. In his Opposition, Plaintiff argues that, "[b]y refusing to allow [Plaintiff] to drop the advanced placement Calculus course," the individual defendants "forced him to sit through a class from which he received no educational benefit." Opp. at 13. Since Plaintiff "was deprived of the

1  opportunity to take a class that would confer educational benefit during the period he was enrolled
2  in AP Calculus," Plaintiff says his "second and third causes of action necessarily implicate [his]
3  property right to a public education." *Id.*[2]

4  The Court is not convinced. The words "property" and "liberty" appear nowhere in
5  Plaintiff's FAC. *See generally* FAC. Nor does the FAC otherwise mention the "property" theory
6  Plaintiff now advances in his Opposition. *See id.* ¶¶ 111-16. Even if Plaintiff had made such an
7  allegation in his FAC, the Court is doubtful that Plaintiff could state a plausible claim for relief.
8  The gravamen of Plaintiff's Section 1983 claims is that not allowing Plaintiff to drop AP Calculus
9  without incurring a failing grade violated his Fourteenth Amendment right to due process. *Id.*
10 ¶¶ 66, 72, 85, 111-16. Courts have indicated, however, that public school students have no
11 constitutionally protected interest in dropping a class or receiving a particular grade. *See, e.g.*,
12 *Claudia C-B v. Bd. of Trs. of Pioneer Valley Performing Arts Charter Sch.*, 539 F. Supp. 2d 474,
13 485 (D. Mass. 2008) (no constitutionally protected interest in a grading policy); *Mazevski v.*
14 *Horseheads Cent. Sch. Dist.*, 950 F. Supp. 69, 72 (W.D.N.Y. 1997) ("[I]t is only when a student is
15 excluded from the entire educational process that due process must be afforded. His exclusion
16 from a particular course, event or activity is of no constitutional import."). For instance, in *Balu v.*
17 *Jacobsen*, No. C 06-6133 SI, 2007 WL 81908, at *1-2 (N.D. Cal. Jan. 9, 2007), the plaintiff
18 alleged that the associate dean and director of undergraduate advising at the University of
19 California, Berkeley had "violated his due process rights by denying his request to 'late drop' a
20 class." Although Judge Illston in *Balu* dismissed the plaintiff's due process claim because the
21 plaintiff admittedly missed the university's deadline for dropping courses, Judge Illston said she
22 was "skeptical that plaintiff can even claim a property interest in dropping a class." *Id.* at *2. The
23 Court agrees with Judge Illston, and Plaintiff makes no attempt to challenge her conclusion.

24 Furthermore, it is not enough, as Plaintiff argues in his Opposition, for the alleged
25 deprivation to merely relate to public education. *See, e.g.*, *Swany v. San Ramon Valley Unified*

---

[2] Plaintiff makes no argument that he was deprived of a liberty interest. *See* Opp. at 13-15.

11
Case No. 14-CV-03613-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND

*Sch. Dist.*, 720 F. Supp. 764, 773 (N.D. Cal. 1989) (rejecting the plaintiff's contention that because "the right to attend graduation exercises is a right 'incident' to a public school education . . . it is a protected property interest which may not be withheld without due process of law"). Although a student's entitlement to a public school education under state law is a property interest protected by the Due Process Clause, *see Goss v. Lopez*, 419 U.S. 565, 572-74 (1975), Plaintiff provides no authority to suggest that the right is so broad under California law to confer a constitutionally protected interest in dropping a course or receiving a passing grade. What authority exists, as explained above, suggests otherwise. *See, e.g.*, *Balu*, 2007 WL 81908, at *2.

Consequently, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's second and third causes of action under Section 1983 for failure to state a claim with leave to amend. Because the Court cannot conclude that amendment would necessarily be futile, the Ninth Circuit requires that the Court dismiss Plaintiff's Section 1983 claims with leave to amend. *See Lopez*, 203 F.3d at 1127. The Court notes that any amended complaint Plaintiff elects to file should also specify how each individual defendant was personally involved in violating Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 676 (explaining that a Section 1983 "plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution"); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant.").[3]

---

[3] Defendants also argue that Plaintiff's FAC must be dismissed because Plaintiff has failed to administratively exhaust the procedures in the California Education Code for challenging a grade. Mot. at 19 (citing Cal. Educ. Code §§ 49066, 49070). Plaintiff's FAC, however, is broader than Defendants suggest. In addition to removal of the failing grade from Plaintiff's transcript, Plaintiff seeks, inter alia, "an independent educational evaluation of [Plaintiff]," the establishment of certain "written procedural safeguards," and "damages based on Defendants' violations of Section 504." Prayer ¶¶ 3-5. Defendants provide no authority indicating that administrative exhaustion under the cited California Education Code provisions is required under such circumstances.

12
Case No. 14-CV-03613-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND

## IV. CONCLUSION

For the foregoing reasons, the Court rules as follows:

- Defendants' Motion to Dismiss Plaintiff's cause of action under Section 504 on res judicata grounds is DENIED without prejudice;
- Defendants' Motion to Dismiss Plaintiff's cause of action under Section 504 for failure to state a claim is GRANTED with leave to amend; and
- Defendants' Motion to Dismiss Plaintiff's second and third causes of action under Section 1983 for failure to state a claim is GRANTED with leave to amend.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 13, 2015

_____
LUCY H. KOH
United States District Judge

Case No. 14-CV-03613-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND